# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | * |
| SHAUNA RHYNE and CODY | * |
| RHYNE, parents of C.R., a minor, | * |
| | *   No. 18-961V |
| Petitioners, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: November 25, 2020 |
| | * |
| SECRETARY OF HEALTH | *   Stipulation; DTaP vaccine; |
| AND HUMAN SERVICES, | *   Hepatitis B vaccine; inactivated polio |
| | *   virus ("IPV") vaccine; influenza |
| | *   ("flu") vaccine; pneumococcal |
| | *   conjugate vaccine; rotavirus vaccine; |
| | *   transverse myelitis ("TM"). |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * | * |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioners;
Mollie D. Gorney, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

      On November 25, 2020, the parties filed a joint stipulation concerning the petition for compensation filed by Shauna Rhyne and Cody Rhyne on July 3, 2018. In their petition, petitioners alleged that the diphtheria, tetanus, acellular pertussis ("DTaP"); hepatitis B; inactivated polio ("IPV"); influenza ("flu"); pneumococcal conjugate ("Prevnar 13"); and rotavirus ("RotaTeq") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), and which C.R. received on December 1, 2015, caused C.R. to suffer transverse myelitis ("TM").

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petitioners further allege that C.R. suffered the residual effects of this injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that the vaccines either caused or significantly aggravated C.R.'s alleged injury or any other injury, and denies that C.R.'s current condition is the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

1. **A lump sum payment of $8,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners;**

2. **A lump sum of $72.11, which amount represents reimbursement for a Medicaid lien for vaccine injury-related services rendered on behalf of C.R., in the form of a check payable jointly to petitioners and Colorado Department of Health Care Policy and Financing, 1570 Grand Street, Denver, Colorado, 80203;**

   **Petitioners agree to endorse this check to Colorado Department of Health Care Policy and Financing.**

3. **A lump sum of $160,000.00 in the form of a check payable to petitioners, as guardians/conservators of the estate of C.R., which represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master