# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * *  * | |
| SHAUNA RHYNE and CODY * | |
| RHYNE, parents of C.R., a minor, * | |
| * | No. 18-961V |
| Petitioners, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: May 5, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' fees and costs. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * *  * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioners;
Heather L. Pearlman, U.S. Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 17, 2021, petitioners Shauna Rhyne and Cody Rhyne moved for final attorneys' fees and costs. They are awarded **$39,476.74**.

* * *

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On July 3, 2018, petitioners filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the diphtheria, tetanus, and pertussis, hepatitis B, inactivated poliovirus, influenza, pneumococcal conjugate, and rotavirus vaccines their child, C.R., received on December 1, 2015, caused C.R. to suffer from transverse myelitis. On November 25, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same date. Decision, 2021 WL 880087 (Fed. Cl. Spec. Mstr. Nov. 25, 2020).

On June 17, 2021, petitioners moved for final attorneys' fees and costs. Pet'rs' Mot., filed June 17, 2021. Petitioners request attorneys' fees of $37,177.70 and attorneys' costs of $3,799.04 for a total request of $40,976.74. Pet'rs' Mot. at 1-2. Pursuant to General Order No. 9, petitioners state that they have not personally incurred any costs in pursuit of this litigation. On June 21, 2021, respondent filed a response to petitioners' motion. Resp't's Resp., filed June 21, 2021. Respondent argues, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends that the undersigned "exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners did not file a reply.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  However, when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower, the Davis County exception applies and petitioners' counsel is paid according to the local rate.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done in Boston, Massachusetts.  The local rate of Boston, Massachusetts is substantially similar to the forum rate.  Therefore, the Davis County exception does not apply.

The undersigned has reviewed the hourly rates requested for the work of petitioners' counsel at Conway, Homer, P.C. (the billing records indicate that most of the attorney work was performed by Ms. Meredith Daniels, with supporting work performed by Ms. Christina Ciampolilo, Ms. Lauren Faga, Mr. Patrick Kelly, Mr. Joseph Pepper, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work.  See, e.g., Burgos v. Sec'y of Health & Hum. Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022); Skiles v. Sec'y of Health & Hum. Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug. 14, 2020); Heddens v. Sec'y of Health & Hum. Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019).  Petitioners also requested reasonable hourly rates for work performed by paralegals.  Accordingly, the requested hourly rates are reasonable.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and on the whole, the request is reasonable.  However, a minor amount of time was billed for

administrative tasks such as filing documents and downloading those filed documents. See Guerrero v. Sec'y of Health & Hum. Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Additionally, a small amount must be reduced for duplicative attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Hum. Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2020); Lyons v. Sec'y of Health & Hum. Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

To offset these issues and achieve "rough justice," the undersigned finds a reduction of $1,500 to be appropriate in this case.

Accordingly, petitioner is awarded final attorneys' fees of $35,677.70.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $3,799.04 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee.

Petitioners have provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioners are therefore awarded the full amount of attorneys' costs sought.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e).  Accordingly, I award a total of **$39,476.74** (representing $35,677.70 in attorneys' fees and $3,799.04 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, Mr. Ronald Homer.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5